UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY PARKER and DIEGO & DANTE, LLC dba Chula Vista Brewery,<br><br>Defendants. | Case No.: 20-CV-1017-CAB-MDD<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. No. 4] |

This matter is before the Court on the Defendants' partial motion to dismiss Plaintiff's claims for conversion and for violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. The motion is denied.

**I.   Background**

According to the complaint, pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC ("G&G") held the exclusive nationwide distribution (closed-circuit) rights to the *Gennady Golovkin v. Steve Rolls Fight Program* event telecast nationwide on Saturday, June 8, 2019 (the "Program"). [Doc. No. 1 at ¶ 18.] G&G entered into sublicense agreements with various commercial entities throughout the country granting limited

sublicensing rights to publicly show the Program at their establishment. [*Id.* at ¶ 19.[1]] The complaint alleges that Defendants "intercepted, received and published the *Program* at Chula Vista Brewery" on June 8, 2019, without authorization from G&G. [*Id.* at ¶ 23.]

Based on these alleged facts, G&G filed this suit against the alleged owner and operator of Chula Vista Brewery, Diego & Dante, LLC [*Id.* at ¶ 15], and its managing member and the manager on duty the night of the Program, Timothy Parker [*Id.* at ¶¶ 9-14]. The complaint asserts four claims: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code § 17200. Defendants move to dismiss only the two state law claims on the ground that they are preempted by the Copyright Act, 17 U.S.C. § 301.

**II.    Legal Standard**

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III. Discussion

Defendants contend the Copyright Act preempts G&G's state law causes of action. Defendants also contend that because copyright infringement does not constitute conversion, G&G's conversion claim should be dismissed for this additional reason.

#### A. Preemption under the Copyright Act

"The Ninth Circuit has determined that the Copyright Act does not preempt a state law claim unless the following two conditions are satisfied: 1) 'the "subject matter" of the state law claim falls within the subject matter of copyright' and 2) 'the rights asserted under state law are equivalent to . . . the exclusive rights of copyright holders.'" *Echostar Satellite, L.L.C. v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1209 (S.D. Cal. 2008) (quoting *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006)).

*1. Subject Matter of Copyright*

As to whether the subject matter falls within the subject matter of copyright, Defendants contend G&G cannot reasonably dispute this prong, citing to 17 U.S.C. § 102(a)(6), listing "motion pictures and other audiovisual works." Indeed, G&G cannot reasonably dispute that the Program falls under the label of a motion picture. *See* Doc. No. 4-2[2] at 4. G&G instead argues that the fact that a motion picture may be subject to copyright protection does not mean that G&G's rights as alleged fall within the Copyright Act. The Court agrees with Defendants as to the subject matter prong. G&G appears to conflate its argument with the second prong related to the rights asserted which is discussed further below. Here, the Court must simply determine, in this case, whether the Program

---

[2] Defendants request the Court take judicial notice of the United States Copyright Office Public Catalog search record of the Program, and G&G did not oppose. [Doc. No. 4-2.] Accordingly, Defendants' request for judicial notice is granted. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment. (internal citation omitted)).

falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. There is no dispute that the Program is a motion picture, and motion pictures are listed under § 102(a)(6) as a subject matter of copyright. Therefore, Defendants have satisfied the first prong.

*2. The Rights Asserted*

The next issue is whether the rights asserted under state law are equivalent to the rights contained in Section 106 of the Copyright Act. Section 106 provides a copyright owner with the "exclusive rights" of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106. "Where Plaintiff does not allege ownership of a copyright, the Copyright Act does not then preempt a state law conversion claim." *Joe Hand Promotions, Inc. v. Rajan*, No. 10-40029-TSH, 2011 WL 3295424, at *6 (D. Mass. July 28, 2011). A state law unfair competition claim can be preempted by copyright law if the unfair competition claim is based solely on rights that are protected by federal copyright law. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212–13 (9th Cir. 1998).

In this case, G&G does not allege copyright infringement. G&G's primary causes of action, which are incorporated by reference in its state law claims, arise under 47 U.S.C. § 553 ("Section 553") and 47 U.S.C. § 605 ("Section 605") pursuant to the Federal Communications Act ("FCA"). Section 553 prohibits persons from receiving or assisting in intercepting or receiving "any communications service offered over a cable system, unless specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 similarly prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts. 47 U.S.C. § 605(a); *DirecTV v. Webb*, 545 F.3d 837, 843 (9th Cir.2008); *J & J Sports Prods., Inc. v. Walia*, 2011 WL 902245 (N.D. Cal. Mar.14, 2011). Moreover, the complaint does not allege that G&G is the exclusive owner of a copyright, but rather asserts its rights pursuant to contract. The Ninth Circuit has held that "because contractual rights are not equivalent to the exclusive rights of copyright, the Copyright Act's preemption clause usually does not affect private contracts." *MDY Indus.,*

*LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 957 (9th Cir. 2010); *see also Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) ("Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights.). In *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 386 (9th Cir. 1995), the Ninth Circuit concluded that the FCA did not preempt state law claims for unfair competition, interference with contract, and interference with prospective economic advantage because Section 605's language "indicate[d] that Congress did not intend to occupy the entire field" and state law did not "impose[ ] . . . obligations inconsistent with the FCA" and did not "frustrate any congressional objective."

Ultimately, G&G's claims under Sections 553 and 605 arise from the enforcement of its contractual rights to distribute the Program and therefore the rights asserted under G&G's state law claims are not equivalent to the exclusive rights of copyright holders. Accordingly, G&G's state law claims are not preempted under the Copyright Act.

### B. Conversion

Defendants also contend that G&G's conversion claim should be dismissed because copyright infringement does not constitute conversion. To state a claim for the tort of conversion under California law, a plaintiff must allege: "(1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages." *Kingvision Pay–Per–View, Ltd. v. Chavez*, 2000 WL 1847644, at *4 (N.D. Cal. Dec.11, 2000) (citing *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992)). Intangible property rights, such as the right to program distribution, are sufficient to support the ownership or possession element of conversion under California law. *See Don King Prods./ Kingvision v. Lovato*, 911 F.Supp. 419, 423 (N.D. Cal. 1995).

As discussed above, G&G alleges that pursuant to contract, it held the exclusive nationwide distribution rights to the Program, Defendants intercepted, received and published the Program at Chula Vista Brewery without authorization from G&G, and that it is therefore entitled to damages. G&G does not base any of its claims on copyright infringement. Accordingly, G&G has adequately alleged facts to support each of the

5

20-CV-1017-CAB-MDD

elements of a conversion claim.

**IV. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that Defendants' motion to dismiss is **DENIED**.

Dated: July 30, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge