UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>               Plaintiff/Counter-Defendant,<br><br>v.<br><br>TIMOTHY PARKER and DIEGO & DANTE, LLC, d/b/a Chula Vista Brewery,<br><br>               Defendants/Counter-Claimants.<br><br>_____<br><br>TIMOTHY PARKER and DIEGO & DANTE BREWERY, LLC,<br><br>               Third-Party Plaintiffs,<br><br>v.<br><br>LAW OFFICE OF THOMAS P. RILEY, P.C., and THOMAS P. RILEY,<br><br>               Third-Party Defendants. | Case No.: 20-CV-1017 TWR (MDD)<br><br>**ORDER: (1) TO SHOW CAUSE WHY THIRD-PARTY COMPLAINT SHOULD NOT BE DISMISSED, (2) APPROVING JOINT STIPULATION TO STAY CASE WHILE ISSUE AFFECTING OUTCOME IS ON APPEAL, (3) STAYING CASE UNTIL THE NINTH CIRCUIT ISSUES A DECISION ON ANY OF THE RELEVANT APPEALS, AND (4) VACATING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE**<br><br>(ECF Nos. 9, 25) |

     Presently before the Court the Joint Stipulation to Stay Case While Issue Affecting Outcome Is on Appeal ("Joint Stip.," ECF No. 25) filed by Plaintiff and Counter-Defendant

1

1  G & G Closed Circuit Events, LLC and Defendants, Counter-Claimants, and Third-Party

2  Plaintiffs Timothy Parker and Diego & Dante, LLC, d/b/a Chula Vista Brewery, the only

3  parties to have appeared in this action.

4  **ORDER TO SHOW CAUSE**

5  As an initial matter, the Court notes that Defendants filed a Third-Party Complaint

6  and Demand for Jury Trial against Third-Party Defendants the Law Office of Thomas P.

7  Riley, P.C. and Thomas P. Riley on August 13, 2020.  (*See* ECF No. 9.)  As of the date of

8  this Order—over a year later—Defendants have failed to file proof of service.  (*See*

9  *generally* Docket.)

10  Rule 4 of the Federal Rules of Civil Procedure provides:

11  > [i]f a defendant is not served within 90 days after the complaint is filed, the
12  > court—on motion or on its own after notice to the plaintiff—must dismiss the
     > action without prejudice against that defendant or order that service be made
13  > within a specified time.  But if the plaintiff shows good cause for the failure,
     > the court must extend the time for service for an appropriate period.
14

15  Fed. R. Civ. P. 4(m); *see also* S.D. Cal. CivLR 4.1(b) (authorizing the Court to order

16  Plaintiff to show cause 100 days following the filing of a complaint when proof of service

17  has not been filed).  "In the absence of service of process (or waiver of service by the

18  defendant) . . . a court ordinarily may not exercise power over a party the complaint names

19  as a defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350

20  (1999); *see Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court

21  is without personal jurisdiction over a defendant unless the defendant has been served in

22  accordance with Fed. R. Civ. P. 4.") (citations omitted).  Further, "[a]ctions or proceedings

23  [that] have been pending in this court for more than six months, without any proceeding or

24  discovery having been taken therein during such period, may, after notice, be dismissed by

25  the Court for want of prosecution."  S.D. Cal. CivLR 41.1(a); *see also* Fed. R. Civ. P. 41(b)

26  ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

27  may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370

28  U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute

20-CV-1017 TWR (MDD)

1  even without affording notice of its intention to do so or providing an adversary hearing

2  before acting.").

3        Because Defendants have failed to file proof of service as to Third-Party Defendants

4  for over a year, the Court **ORDERS** Defendants to **SHOW CAUSE** why their Third-Party

5  Complaint should not be dismissed for failure to effect service pursuant to Rule 4(m) and

6  Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil

7  Procedure 41(b) and Civil Local Rule 41.1(a).  Defendants **SHALL FILE** a response to

8  this Order, <u>not to exceed ten (10) pages</u>, <u>within seven (7) days of the electronic docketing</u>

9  <u>of this Order</u>.  *Should Defendants file a notice of voluntary dismissal of their Third-Party*

10 *Complaint pursuant to Federal Rule of Civil Procedure 41(a) on or before that date, no*

11 *further response to this Order shall be required.  If Defendants fail adequately to respond*

12 *to this Order within the time provided, the Court will enter a final order of dismissal*

13 *without prejudice for failure to effect service pursuant to Rule 4(m) and Civil Local Rule*

14 *4.1(b); failure to prosecute pursuant Rule 41(b) and Civil Local Rule 41.1(a); and failure*

15 *to comply with the Federal Rules of Civil Procedure, Civil Local Rules, and this Order*

16 *pursuant to Civil Local Rule 83.1(a).*

17                              **JOINT STIPULATION**

18        Plaintiff has filed the following appeals, all of which address "whether receipt and

19 publishing of television programming via internet streaming video violates Title 47 U.S.C.

20 Section 553 and/or 605": *G & G Closed Circuit Events, LLC v. Liu*, 2:19-CV-7896-WDK-

21 JC (C.D. Cal. appealed Sept. 21, 2021); *G & G Closed Circuit Events, LLC v. Reto*, No.

22 2:19-CV-7915-WDK-JC (C.D. Cal. appealed Sept. 21, 2021); *G & G Closed Circuit*

23 *Events, LLC v. Snukal*, No. 21-55488 (9th Cir. filed May 13, 2021) (the "Relevant

24 Appeals").  (*See* Joint Stip. ¶¶ 3–5.) Defendants intend to assert this same issue as a defense

25 in this action.  (*See id.* ¶ 6.)  The Parties therefore have stipulated to stay this matter until

26 the Ninth Circuit issues a ruling in any of the Relevant Appeals.  (*See id.* at 1.)

27        Good cause appearing, the Court **APPROVES** the Joint Stipulation and **STAYS** this

28 action in all respects except as to Defendants' response to the instant Order to Show Cause,

1 | *see supra* page 3, pending the Ninth Circuit's decision in *Liu*, *Reto*, and/or *Snukal*. In light

2 | of the stay, the Court **VACATES** the Early Neutral Evaluation and Case Management

3 | Conference set before Magistrate Judge Mitchell D. Dembin for October 13, 2021, and all

4 | related deadlines. (*See* ECF No. 24.) The Parties **SHALL FILE** a joint status report within

5 | fourteen (14) days of the Ninth Circuit issuing a decision in any of the Relevant Appeals.

6 | **IT IS SO ORDERED.**

7 |

8 | Dated:  September 27, 2021

9 | _____

10 | Honorable Todd W. Robinson
United States District Court

20-CV-1017 TWR (MDD)