UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>v.<br><br>TIMOTHY PARKER and DIEGO & DANTE, LLC, d/b/a Chula Vista Brewery,<br><br>　　　　Defendants/Counter-Claimants.<br>_____<br>TIMOTHY PARKER and DIEGO & DANTE BREWERY, LLC,<br><br>　　　　Third-Party Plaintiffs,<br><br>v.<br><br>LAW OFFICE OF THOMAS P. RILEY, P.C., and THOMAS P. RILEY,<br><br>　　　　Third-Party Defendants. | Case No.:  20-CV-1017 TWR (MDD)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND EXTENDING DEADLINE TO SERVE THIRD-PARTY COMPLAINT**<br><br>(ECF Nos. 9, 26, 27) |

　　On September 27, 2021, the Court ordered Defendants, Counter-Claimants, and Third-Party Plaintiffs Timothy Parker and Diego & Dante Brewery, LLC to show cause why their Third-Party Complaint against Third-Party Defendants Law Office of Thomas

P. Riley, P.C. and Thomas P. Riley should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.1(a). (*See generally* ECF No. 26 at 2–3 ("OSC").) As explained in the Court's Order to Show Cause, although Third-Party Plaintiffs filed their Third-Party Complaint on August 13, 2020, (*see* ECF No. 9 ("3d-Party Compl.")), they have not filed proof of service or taken any other action with regard to that filing for well over a year. (*See generally* Docket.)

Third-Party Plaintiffs filed an untimely response to the Court's Order to Show Cause on October 6, 2021.[1] (*See generally* ECF No. 27 ("Resp.").) In their Response, Third-Party Plaintiffs' attorney, Trevor McCann, explains that, "[w]ith the passage of time, [his] memory has dimmed about the events to led to his failure to timely serve the Summons on Third-party Complaint and Third-party Complaint," but that, "[a]fter reviewing his files, [he] believes that his oversight was due to an initial issue with the CM/ECF system which was then compounded the case was dormant while the Court considered Plaintiff's motions" at ECF Nos. 11 through 13 (the "Plaintiff's Motions"). (*See id.* ¶ 14.) Specifically, "[a]t times, [Mr.] McCann has experienced issues when receiving CM/ECF system messages," (*see id.* ¶ 6), and, "[f]or reasons [he] either does not know, or does not recall," instead of receiving the Summons on Third-Party Complaint docketed at ECF No. 10 on August 14, 2020, he received a PDF including only the docket text. (*See id.* ¶ 7.) Mr. McCann contends that he only discovered that he had failed to serve Third-Party Defendants over a year later, in the last week of August 2021, following the Court's August 2, 2021 ruling on Plaintiff's Motions. (*See id.* ¶ 11.) He indicates that he attempted to serve Third-Party Defendants on August 30, 2021, (*see id.* ¶ 12), but has received no

---

[1] The Court ordered Third-Party Plaintiffs to file their response to the Order to Show Cause "within seven (7) days of the electronic docketing of this Order." (*See* OSC at 3 (emphasis omitted).) Pursuant to Federal Rule of Civil Procedure 6(a)(1), the default for computing time is *calendar* days, and consequently the deadline for Third-Party Plaintiffs to respond to the Order to Show Cause was October 4, 2021.

response. (*See id.* ¶ 13.)  In short, Third-Party Plaintiffs "maintain, and [Mr.] McCann believes, that absent the long delay [in ruling on Plaintiff's Motions], [Mr.] McCann would have discovered his mistake earlier and attempted to serve [Third-Party Defendants] sooner." (*See id.* ¶ 15.)  Third-Party Plaintiffs close by arguing that "dismissal of their Third-party Complaint is improper and will prevent them from adjudicating their claim on the merits," and that Third-Party Defendants "will not be prejudiced if this Court allows [Third-Party Plaintiffs]s to pursue their claims" because, as Plaintiff's counsel of record, they "received (and presumably read) the Third-party Complaint." (*See id.* ¶ 16.)

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within" ninety days of filing their complaint.  *See* Fed. R. Civ. P. 4(c)(1).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  The court also "may, for good cause shown, extend" a deadline "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

"The rule places the burden of showing good cause for failure to meet the [90] day deadline upon the party on whose behalf service was required." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).  The dilatory party may show good cause by demonstrating that "either he or his attorney attempted to serve the defendants . . . , was confused about the requirements for service of process . . . , or was prevented from effecting service within the [90] day limit by factors beyond his control." *See id.* (citations omitted).  "A showing of 'good cause' within the meaning of Rule 4([m]) . . . contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes" because otherwise "the good cause exception would swallow the rule." *See id.*

Even absent a showing of good cause, however, the court retains discretion to extend the time for service. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  "In

making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). But the court's discretion is not "limitless" and may be abused. *See id.*

Here, Third-Party Plaintiffs fail to demonstrate that their failure timely to serve Third-Party Defendants rose to anything other than inadvertence. They provide no explanation for why they did not immediately follow up to obtain a copy of the Summons after receiving the incorrect PDF upon initially downloading the document. (*Cf.* Resp. ¶ 7.) Rather, it appears that the ninety-day deadline for service came and went without any effort on behalf of Third-Party Plaintiffs to serve their Third-Party Complaint. Further, when Third-Party Plaintiffs discovered over a year later that they had forgotten to serve Third-Party Defendants, they did not attempt to obtain an extension of the service deadline from the Court pursuant to Rule 6(b)(1)(B). (*Cf.* Resp. ¶¶ 11–12.) Accordingly, Third-Party Plaintiffs fail to carry their burden of demonstrating good cause for their failure timely to serve Third-Party Defendants.[2]

Were Third-Party Defendants not Plaintiff's counsel in this action, the Court would dismiss without prejudice the Third-Party Complaint pursuant to Rule 4(m). Under the unique circumstances of this case, however, the Court determines that it is appropriate to exercise its discretion briefly to extend Third-Party Plaintiffs' deadline to effect service. As Third-Party Plaintiffs explain, (*see* Resp. ¶ 16), Third-Party Defendants have received actual notice of the Third-Party Complaint by virtue of being Plaintiff's counsel of record. Further, because Third-Party Defendants are defending Plaintiff against similar claims as those alleged in the Third-Party Complaint, (*compare* ECF No. 8 (counterclaims against Plaintiff), *with* 3d-Party Compl.), the Court concludes that it is highly unlikely that a brief extension will prejudice Third-Party Defendants.

---

[2] Although not part of the Court's consideration here, Third Party Plaintiffs' failures of oversight are only compounded by their inability timely to respond to the Court's Order to Show Cause, *see supra* note 1, and counsel's efforts to evade responsibility by shifting blame to the Court. (*See* Resp. ¶ 15.)

Accordingly, the Court **DISCHARGES** its Order to Show Cause and **EXTENDS** Third-Party Plaintiffs' deadline to effect service to <u>thirty (30) *calendar* days after this Order has been docketed</u>.  Third-Party Plaintiffs **SHALL FILE** Proof of Service on Third-Party Defendants within <u>two (2) days</u> of service.  *Absent extraordinary circumstances, no further extensions for service will be granted.  Further, failure to comply with this Order shall result in the dismissal without prejudice of the Third-Party Complaint for failure to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1(b); failure to prosecute pursuant to Rule 41(b) and Civil Local Rule 41.1(a); and failure to comply with the Federal Rules of Civil Procedure, Civil Local Rules, and this Order pursuant to Civil Local Rule 83.1(a).*

**IT IS SO ORDERED.**

Dated:  October 14, 2021

_____
Honorable Todd W. Robinson
United States District Court