UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>v.<br><br>TIMOTHY PARKER and DIEGO & DANTE, LLC, d/b/a Chula Vista Brewery,<br><br>　　　　Defendants/Counter-Claimants.<br>_____<br><br>TIMOTHY PARKER and DIEGO & DANTE BREWERY, LLC,<br><br>　　　　Third-Party Plaintiffs,<br><br>v.<br><br>LAW OFFICE OF THOMAS P. RILEY, P.C., and THOMAS P. RILEY,<br><br>　　　　Third-Party Defendants. | Case No.: 20-CV-1017 TWR (MDD)<br><br><br>**ORDER (1) VACATING HEARING, (2) ADMONISHING THIRD-PARTY PLAINTIFFS, (3) GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY COMPLAINT, AND (4) DENYING AS MOOT THIRD-PARTY DEFENDANTS' ANTI-SLAPP MOTION**<br><br>(ECF Nos. 31, 33) |

　　　Presently before the Court are Third-Party Defendants the Law Office of Thomas P. Riley, P.C. and Thomas P. Riley's Motion to Dismiss Third-Party Complaint for Failure to State a Claim, Lack of Standing, and Improper Service ("Mot. to Dismiss," ECF No. 31)

and Special Motion to Strike Third-Party Claim Pursuant to California's Anti-SLAPP Statute, C.C.P. § 425.16 ("Anti-SLAPP Mot.," ECF No. 33), which are set for oral argument on February 9, 2022, (*see* ECF No. 34), as well as Defendants and Third-Party Plaintiffs Timothy Parker and Diego & Dante, LLC's untimely Oppositions ("Opp'n," ECF No. 36; ECF No. 37) to the Motions.[1]  Although the Court may grant the Motions based on Third-Party Plaintiffs' failure timely to oppose them, *see* S.D. Cal. CivLR 7.1(f)(c)(3); Standing Order for Civil Cases III.A.2; *see also, e.g.*, *Polus v. Sharp Healthcare*, No. 20-CV-2253 JLS (LL), 2021 WL 3290435, at *3 (S.D. Cal. Aug. 2, 2021) (rejecting untimely

---

[1] The undersigned's Civil Standing Order provides the following briefing schedule:

> Because it is the Court's preference to hold hearings on civil motions, the Court modifies the briefing schedule set by Civil Local Rule 7.1(e) as follows to provide both the parties and the Court sufficient time to brief and prepare for oral argument:  any opposition (or statement or non-opposition) must be filed and served no later than twenty-eight (28) days prior to the noticed hearing date, and any reply must be filed and served no later than fourteen (14) days prior to the noticed hearing date, with both deadlines pursuant to Federal Rule of Civil Procedure 6(a)(1).

Civil Standing Order III.B.2 (emphasis in original), *available at* https://www.casd.uscourts.gov/judges/robinson/docs/Civil%20Standing%20Order.pdf.  Accordingly, Third-Party Plaintiffs' opposition was due January 12, 2022, but was not filed until January 26, 2022.  (*See generally* ECF Nos. 31, 33.)  The Court also notes that it ordered Third-Party Plaintiffs to file "a single memorandum in opposition to the motions."  (*See* ECF No. 35 at 2.)

Unfortunately, these instances appear consistent with a larger pattern of "failures of oversight."  (*See* ECF No. 28 at 4 n.2.)  The Court only granted Third-Party Plaintiffs' an extension of time to effect service "[u]nder the unique circumstances of this case" because Third-Party Defendants are Plaintiff's counsel.  (*See id.* at 4–5.)  Third-Party Plaintiffs then failed to comply with the Court's directive to file proof of service on Third-Party Defendants within two days of service, (*see id.* at 5; *see also* ECF Nos. 29, 30), before filing their untimely Oppositions in contravention of this Court's Orders.

In light of these circumstances, the Court formally **ADMONISHES** Third-Party Plaintiffs as follows:

> Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

S.D. Cal. CivLR 83.1(a).

opposition and granting unopposed motion for judgment on the pleadings), it is the undersigned's strong preference to resolve the Motions on the merits.

Having determined that the Motions are suitable for determination on the papers without oral argument, the Court **VACATES** the hearing set for February 9, 2022. Upon careful consideration of the Third-Party Complaint ("3d-Party Compl.," ECF No. 9), the Parties' arguments, and the law, the Court **GRANTS** Third-Party Defendants' Motion to Dismiss and **DENIES AS MOOT** their Anti-SLAPP Motion.

## BACKGROUND

On July 30, 2020, Plaintiff G & G Closed Circuit Events, LLC ("G & G") initiated this action by filing a Complaint. (ECF No. 1 ("Compl").) The Complaint alleges that, pursuant to contract, G & G held the exclusive nationwide distribution rights to the *Gennady Golovkin v. Steve Rolls Fight Program* event telecast nationwide on Saturday, June 8, 2019 (the "Program"). (*Id*. ¶ 18.) G & G entered into sublicense agreements with various commercial entities throughout the country granting limited sublicensing rights to publicly show the Program at their establishment. (*Id*. ¶ 19.) The Complaint alleges that Defendants "intercepted, received and published the Program at Chula Vista Brewery" on June 8, 2019, without authorization from G & G. (*Id*. ¶ 23.) Based on these allegations, G & G filed this suit against the alleged owner and operator of Chula Vista Brewery, Diego & Dante, LLC, (*id*. ¶ 15), and its managing member and the manager on duty the night of the Program, Timothy Parker. (*Id*. ¶¶ 9–14.) The Complaint asserts four claims: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code § 17200.

On August 13, 2020, Defendants filed an Answer and Counterclaim, which alleges that G & G previously sued Defendants in this Court in *G & G Closed Circuit Events, LLC v. Parker, et al.*, S.D. Cal. Case No. 3:20-CV-801-BEN (RBB) ("*Parker 1*"). (*See generally* ECF No. 8.) Defendants allege that, "over the past 20 years, G & G has threatened to file, or filed, hundreds of lawsuits against alleged signal pirates in California district courts, and in the lawsuits it has filed, G & G has engaged in a pattern and practice

of filing knowingly false statements with the aim of obtaining damages awards in excess of what it would have otherwise been entitled." (ECF No. 8 at 10.) Defendants allege:

> [P]rior to [Defendants]' unauthorized receipt of G & G's television programming at issue in *Parker 1*, G & G and [G & G's attorney] knew in advance of [Defendants]' intended conduct because of a social media post and despite that information and G & G's contractual obligation . . . to 'prevent' such unauthorized receipt, G & G and [G & G's attorney] conspired and agreed to allow [Defendants]' conduct in order to lay the foundations for G & G's lawsuit. Facing financial ruin, [Defendants] were forced to serve a Rule 68 Offer of Judgment in Parker 1, which G & G accepted.

(*Id*. at 11.) The Counterclaim alleges a single claim for violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. (ECF No. 8 at 11.) The same day Defendants filed their Counterclaim, they also filed a Third-Party Complaint against G & G's attorney and his law firm, asserting allegations similar to those made in the Counterclaim and claiming a violation of the UCL. (ECF No. 9.)

On September 3, 2021, G & G moved to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), (*see* ECF No. 11), and to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (*See* ECF No. 12.) The following day, G & G filed a special motion to strike the Counterclaim pursuant to California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, Code of Civil Procedure § 425.16. (*See* ECF No. 13.) After the case was transferred from the calendar of the Honorable Cathy Ann Bencivengo, (*see* ECF No. 17), the undersigned granted G & G's Rule 12(b)(6) motion to dismiss, denied as moot its anti-SLAPP motion, and denied its Rule 12(f) motion to strike. (*See generally* ECF No. 21 (the "Prior Order").) Specifically, the Court determined that the Counterclaim was barred by California's litigation privilege, codified at California Civil Code § 47(b). (*See* Prior Order at 2, 4–8, 13–14.) Although the dismissal was without prejudice, (*see id*. at 14), Defendants elected not to file an amended counterclaim. (*See generally* Docket.)

Meanwhile, the Third-Party Complaint languished. On September 26, 2021, "[t]he parties who have appeared in this matter"—namely, Plaintiff and Defendants—stipulated

to stay this action pending resolution of one of several appeals involving Plaintiff. (*See generally* ECF No. 25.) The following day, the Court stayed this action but ordered Third-Party Plaintiffs to show cause "why their Third-Party Complaint should not be dismissed for failure to effect service pursuant to [Federal] Rule [of Civil Procedure] 4(m) and Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.1(a)." (*See* ECF No. 26 at 3.) Third-Party Plaintiffs filed an untimely response, (*see* ECF No. 27; *see also* ECF No. 28 at 2 n.1), and the Court determined that they failed to carry their burden of establishing good cause for their failure timely to serve Third-Party Defendants. (*See* ECF No. 28 at 4.) Nonetheless, given "the unique circumstances of this case," specifically, that Third-Party Defendants were Plaintiff's counsel, "the Court determine[d] that it [wa]s appropriate to exercise its discretion briefly to extend Third-Party Plaintiffs' deadline to effect service." (*See id.*) The Court therefore discharged its order to show cause, provided Third-Party Plaintiffs an additional thirty days within which to effect service, and ordered Third-Party Plaintiffs to file proof of service within two days of serving Third-Party Defendants. (*See id.* at 5.)

Third-Party Plaintiffs timely served Third-Party Defendants on October 19, 2021, but failed to file their proofs of service until November 3, 2021. (*See* ECF Nos. 29, 30.) Third-Party Defendants then filed the instant Motion to Dismiss on November 9, 2021, (*see generally* ECF No. 31), and Anti-SLAPP Motion on November 18, 2021. (*See generally* ECF No. 33.)

## MOTION TO DISMISS

### I.   Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

/ / /

/ / /

## II. Analysis

Third-Party Plaintiffs' Third-Party Complaint is substantially identical to the Counterclaim they filed against G & G, (*compare* ECF No. 9, *with* ECF No. 8), which the Court dismissed through the Prior Order as barred by California's litigation privilege. (*See generally* Prior Order.) Third-Party Defendants urge for dismissal of the Third-Party Complaint on the same grounds.[2] (*See* Mot. to Dismiss at 11–19.)

As the Court explained in its Prior Order,

> California's Litigation Privilege is codified at California Civil Code § 47(b). "The litigation privilege 'grants absolute immunity from tort liability for communications made in relation to judicial proceedings.'" *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 600 (9th Cir. 2010) (quoting *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 737 (2003)). The privilege, which applies to California state law claims in federal court, *see Morales v. Coop. of Am. Physicians, Inc., Mut. Prot. Tr.*, 180 F.3d 1060, 1062 (9th Cir. 1999), encourages open communication by eliminating the threat of liability for communications made during all kinds of "truth-seeking proceedings." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* at 212.
>
> "[C]ommunications with 'some relation' to an *anticipated* lawsuit" fall within the privilege. *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993) (emphasis in original); *see also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) ("[The litigation privilege] is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards."). California decisions have applied the privilege to "prelitigation communications" by a party and its attorney. *Rubin*, 4 Cal. 4th at 1194–95 (collecting cases). The privilege is "absolute" and applies to all torts except for malicious prosecution. *Silberg*, 50 Cal. 3d at 215–16. The "principal

---

[2] Third-Party Defendants also argue for dismissal under the *Noerr-Pennington* doctrine, (*see* Mot. to Dismiss at 19–20); for lack of standing to assert a UCL claim pursuant to California Business and Professions Code § 1704, (*see* Mot. to Dismiss at 20–22); for failure to state a claim under Rule 12(b)(6), (*see* Mot. to Dismiss at 22–31); and for failure properly to effect service pursuant to Federal Rule of Civil Procedure 12(b)(5). (*See* Mot. to Dismiss at 31–33.) Because the Court determines that dismissal is appropriate under California's litigation privilege, the Court declines to reach these additional arguments.

> purpose of section 47(b) is to afford litigants . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id*. at 213. Also, "in immunizing participants from liability for torts arising from communications made during judicial proceedings, the law places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation, an evil far worse than an occasional unfair result." *Id*. at 214. "California courts have given the privilege an expansive reach and held that the privilege is absolute, even if the result is inequitable. Moreover, any doubt as to whether the privilege applies is resolved in favor of applying it." *Morales v. Coop. of Am. Physicians, Inc., Mut. Prot. Tr*., 180 F.3d 1060, 1062 (9th Cir. 1999) (citations omitted).

(*See* ECF No. 21 at 4–5 (alteration and emphasis in original).) In granting G & G's motion to dismiss the UCL Counterclaim, the Court reasoned:

> Defendants are correct that "the litigation privilege does not apply to the . . . crimes [of] perjury [and] subornation of perjury." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246, 163 P.3d 89, 98 (2007) (citing Cal. Pen. Code §§ 118, 127). However, this is a civil, rather than criminal, action. The California Supreme Court has clarified that while "the litigation privilege does not bar criminal prosecutions for perjury," the privilege bars "civil causes of action for perjury or abuse of process for filing false declarations." *Rusheen*, 37 Cal. 4th at 1063, 1065 (citations omitted); *see also Jacob B. v. Cty. [o]f Shasta*, 40 Cal. 4th 948, 956 (2007) (stating that the litigation "privilege extends even to civil actions based on perjury"). For example, applying the privilege, the California Supreme Court in *Rusheen* struck an abuse of process claim and held that, "where the gravamen of the complaint is a privileged communication (i.e., allegedly perjured declarations of service) the privilege extends to necessarily related acts (i.e., act of levying)." *Rusheen*, 37 Cal. 4th at 1062. "The resulting lack of any really effective civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say." *Jacob B.*, 40 Cal. 4th at 956. Accordingly, to the extent Defendants' UCL claim is based on allegations of perjury or other "communications with some relation to" an anticipated or pending lawsuit, the claim is barred by California's litigation privilege. *Rubin*, 4 Cal. 4th at 1194; *see also Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1125 (2014) ("When a statute such as that defining the litigation privilege, for example, renders the conduct complained of immune from tort liability, a plaintiff cannot use the UCL to plead around that immunity.").

> The Court's conclusion is reinforced by the fact that the sole injury to Defendants alleged by the Counterclaim is that, after G & G "fil[ed] knowingly false statements with the aim of obtaining attorneys' fees and costs awards in excess of what it would have otherwise been entitled," Defendants "were forced to serve a Rule 68 Offer of Judgment in *Parker 1*, which G & G accepted." (ECF No. 8 ¶¶ 12, 15.) The only monetary harm alleged to have been suffered by Defendants occurred by virtue of filings in court proceedings in *Parker 1*. Court filings are precisely the type of communications that are subject to the Litigation Privilege. *See Silberg*, 50 Cal. 3d at 212–13.
>
> . . .
>
> After review of the parties' filings and the relevant law, the Court finds that the Counterclaim as currently pleaded is barred by California's Litigation Privilege.

(*See* ECF No. 21 at 5–7 (footnote omitted) (first, second, and fourth alterations and emphasis in original).)

Third-Party Defendants argue that the same conclusion must be reached as to the Third-Party Complaint under the law-of-the-case doctrine. "Although 'law of the case' is not an 'inexorable command,' prior decision of legal issues should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981) (citing *Kimball v. Callahan*, 590 F.2d 768, 772 (9th Cir.), *cert. den.*, 444 U.S. 826 (1979); *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967)). Third-Party Plaintiffs raise two arguments not previously rejected in by the Prior Order.

First, Third-Party Plaintiffs contend that "the Court was wrong because the California Supreme Court has held that a violation of a criminal statute may serve as predicate for a ***civil*** UCL claim." (*See* Opp'n at 5 (emphasis in original) (citing *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 562 (1998), *superseded by statute on other grounds as recognized by Arias v. Super. Ct.*, 46 Cal. 4th 969 (2009)).) While that may generally be true of UCL actions, *Stop Youth Addiction* did not address the intersection

of the UCL and California's litigation privilege. While "broad in scope," the UCL "does not permit an action that another statute expressly precludes." *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959, *as modified* (Feb. 1, 2008) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tele. Co.*, 20 Cal. 4th 163, 184 (1999)). "As such, [w]hen specific legislation provides a safe harbor, plaintiffs may not use the general unfair competition law to assault that harbor." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Cel-Tech Commc'ns*, 20 Cal. 4th at 182). "[S]ection 47(b) provide[s] such a safe harbor." *See id.* Accordingly, Third-Party Plaintiffs cannot use the UCL to circumvent the litigation privilege.

Second, Third-Party Plaintiffs argue that "pursuant to Code of Civil Procedure § 47(b)(2), Riley's declaration is not protected by the litigation privilege."[3] (*See* Opp'n at 6.) Specifically, they contend, "Riley's false timesheets are altered physical evidence (*e.g.*, ESI and documents generated in the course of business which reflect the true amounts of time he and his employees spent on tasks) and his declaration attesting to their veracity were made for the purpose of depriving Parker and the Court use of genuine evidence." (*See id.*) Not only do Third-Party Plaintiffs fail to include any such allegations in their Third-Party Complaint, (*see generally* 3d-Party Compl.), but "[e]ven taking as true [Third-Party] Plaintiff[s'] allegations that [Riley] committed forgery of documents and lied in declarations, these actions would not have deprived [Third-Party] Plaintiff[s] from using any evidence." *See Kianpour v. Wells Fargo Bank, N.A.*, No. CV 19-7776 PSG (JCX),

---

[3] Section 47(b)(2) provides:

> This subdivision does not make privileged any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence, whether or not the content of the communication is the subject of a subsequent publication or broadcast which is privileged pursuant to this section. As used in this paragraph, "physical evidence" means evidence specified in Section 250 of the Evidence Code or evidence that is property of any type specified in Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4 of the Code of Civil Procedure.

Cal. Civ. Code § 47(b)(2).

2019 WL 8195425, at *3 (C.D. Cal. Dec. 10, 2019) (citing *Davis v. Ross*, 39 Cal. App. 5th 627, 631 (2019)); *see also Davis v. Ma*, No. EDCV1001483VAPDTBX, 2011 WL 13135281, at *4 (C.D. Cal. Apr. 8, 2011) ("[A]s Paragraph 21 alleges Defendants created false evidence, not that they altered or intentionally destroyed evidence, the exception in Section 47(b)(2) does not apply.").

For all these reasons, the Court abides by its prior decision and concludes that the Third-Party Complaint is barred by California's litigation privilege. The Court therefore **GRANTS** Third-Party Defendants' Motion to Dismiss and **DISMISSES** the Third-Party Complaint.

## ANTI-SLAPP MOTION

Third-Party Defendants also move to strike the Third-Party Complaint pursuant to California's anti-SLAPP statute. (*See generally* Anti-SLAPP Mot.) Because the Court has granted Third-Party Defendants' Motion to Dismiss, the Court **DENIES AS MOOT** their Anti-SLAPP Motion.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Third-Party Defendants' Motion to Dismiss (ECF No. 31), **DISMISSES WITHOUT PREJUDICE** Third-Party Plaintiffs' Third-Party Complaint (ECF No. 9), and **DENIES AS MOOT** Third Party Defendants' Anti-SLAPP Motion (ECF No. 33). Third-Party Plaintiffs **MAY FILE** an amended third-party complaint addressing the deficiencies identified in this Order within twenty-one (21) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: January 31, 2022

Honorable Todd W. Robinson
United States District Court